Justin Prato Esq, SBN 246968
PRATO & REICHMAN, APC
3675 Ruffin Road, Suite 220
San Diego, CA 92123
Telephone: 619-886-0252
Facsimile:  619-241-8309

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP GILBERT,<br><br>                Plaintiff,<br><br>        vs.<br><br>MUTUAL OF OMAHA MORTGAGE INC.,<br><br>                Defendant. | Case No.:  **'26 CV 4185 AJB  MSB**<br><br>**COMPLAINT FOR DAMAGES, INCLUDING PUNITIVE DAMAGES, INTEREST AND ATTORNEY'S FEES, AND FOR INJUNCTIVE RELIEF**<br><br>**Violation(s) of Telephone Consumer Protection Act of 1991; Violation of California Penal Code § 637.2** |

COMES NOW Plaintiff PHILIP GILBERT (hereinafter referred to as "Plaintiff") who alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1.      Plaintiff is, and at all times herein mentioned was, a resident of the State of Arizona.

- 1 -

Complaint

2.      Defendant Mutual of Omaha Inc. ("Mutual of Omaha" or "Defendant") is a corporation who is doing business in the County of San Diego, State of California, and whose principal address is located in the Country of San Diego.

3.      This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq.  The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441.  *Mims v. Arrow Fin. Services, LLC*, -- U.S. --, 132 S.Ct. 740, 753 (2012).  The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.      At all times herein mentioned each defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the scope of such partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein.

5.

## FACTUAL SUMMARY

6.      Defendants made Twenty-Seven (27) recorded message calls and Seven (7) text messages to Plaintiff's residential cellular phone number ending in 0554 wherein they tried to pitch mortgage and loan services on the following dates and times (Pacific) and using the following Caller ID ("CID") numbers:

- CALL: February 06, 2026; 01:04 pm; CID 480-568-6607
- CALL: February 06, 2026; 01:56 pm; CID 480-568-6607
- CALL: February 06, 2026; 03:01 pm; CID 480-914-4339
- CALL: February 06, 2026; 07:08 pm; CID 602-641-4186
- CALL: February 07, 2026; 09:02 am; CID 725-666-1079
- CALL: February 07, 2026; 11:41 am; CID 702-941-8565
- CALL: February 07, 2026; 12:40 pm; CID 775-380-5998
- CALL: February 07, 2026; 04:23 pm; CID 740-299-1993
- CALL: February 07, 2026; 06:36 pm; CID 913-392-8771

- 2 -

- CALL: February 08, 2026; 09:03 am; CID 843-927-2740
- CALL: February 08, 2026; 07:28 pm; CID 786-434-9157
- CALL: February 09, 2026; 09:08 pm; CID 973-828-0888
- CALL: February 09, 2026; 07:43 pm; CID 313-497-5607
- CALL: February 10, 2026; 10:07 am; CID 561-269-8843
- CALL: February 10, 2026; 01:08 pm; CID 319-246-5279
- CALL: February 11, 2026; 12:42 pm; CID 857-767-6810
- CALL: February 11, 2026; 01:37 pm; CID 847-908-8107
- CALL: February 12, 2026; 11:09 am; CID 717-910-3271
- CALL: February 14, 2026; 10:46 am; CID 501-602-6613
- CALL: February 16, 2026; 03:42 pm; CID 256-987-5525
- CALL: February 19, 2026; 02:54 pm; CID 540-328-2589
- CALL: February 27, 2026; 06:21 pm; CID 810-321-4664
- CALL: March 5, 2026; 3:46 pm; CID 856-788-6811 (voice message)
- CALL: March 09, 2026; 04:35 pm; CID 856-588-2872
- CALL: March 23, 2026; 01:53 pm; CID 832-780-3491
- CALL: March 30, 2026; 12:49 pm; CID 281-378-2440
- CALL: April 07, 2026; 07:10 pm; CID 818-791-0365
- TEXT MESSAGE: February 06, 2026; 12:04 pm; CID 410-453-1749
- TEXT MESSAGE: February 06, 2026; 01:04 pm; CID 410-453-1749
- TEXT MESSAGE: February 07, 2026; 11:04 am; CID 410-453-1749
- TEXT MESSAGE: February 08, 2026; 12:04 pm; CID 410-453-1749
- TEXT MESSAGE: February 11, 2026; 08:04 pm; CID 410-453-1749
- TEXT MESSAGE: February 13, 2026; 10:01 am; CID 410-453-1749
- TEXT MESSAGE: February 17, 2026; 12:01 pm; CID 410-453-1749

7.    Plaintiff listed his residential cellular phone on the federal "Do Not Call" registry maintained by the Federal Trade Commission from May 8, 2024 to the present.

8.    Plaintiff's cellular number is purely personal and residential and is not used in any way shape or form to operate any business entity or concern.

9.    Each of the calls complained of was initiated using an automated telephone dialing system which used a random or sequential number generator to determine the order in which to pick phone numbers from a preproduced list.

- 3 -

Complaint

10.     While each of the calls complained of above used the Caller ID number, they did not transmit Caller ID name information as required by law. 47 C.F.R. § 64.1601(e).

## Call Details and Liability

11.     Plaintiff in his efforts to combat the illegal telemarketing he receives has his own policy to review his telephone records at the end of the month and call back suspicious numbers on those records.

12.     By doing so he is able to trace back numbers to the persons who made the calls to him.

13.     Plaintiff has a document in which he tracks the phone numbers that have called him with the identity of who called him in order to discover who is illegally calling him.

14.     In this case for each and every call marked above, except the March 5 2026 call, the Plaintiff called back the number from which he received a call as listed, added the number to his list and then cross referenced who called him.

15.     For each call listed above, when Plaintiff called the number, he was greeted by someone who stated that they were from Mutual of Omaha.

16.     For the call on March 5, 2026, Plaintiff had a voice message that sounded as it was from a prerecorded voice.

17.     On that voice message on March 5, 2026 the message stated it was from "Amanda with Mutual of Omaha Mortgage".

18.     For all of the text messages, the text part of the message specifically identifies "Mutual of Omaha Mortgage" as the sender.

19.     This shows that all of the calls were made by the same person or entity which Plaintiff alleges is the Defendant or agent of the Defendant.

20.     Plaintiff never gave consent to any person from any Mutual of Omaha to call him.

21.     Plaintiff had never done any business with any Mutual of Omaha.

- 4 -

Complaint

22. Plaintiff had never given any consent for the Defendant to call him.

23. Plaintiff had never done any business with the Defendant.

24. Plaintiff had not given consent to be called regarding any real estate property sales, mortgage sales or any other real estate or mortgage services to any person or on any website.

25. Plaintiff alleges on information and belief that for all calls and text messages alleged in that the employee or agent of Defendant who made the call did so on behalf of the Defendant.

26. Plaintiff alleges on information and belief that for all calls alleged that the employee or agent of Defendant who made the call did not scrub the number against the Do-Not-Call Registry.

27. Plaintiff alleges on information that Defendant owns all of the CID numbers that are listed in paragraph five (5) and uses it directly to make telemarketing calls.

28. Plaintiff alleges on information and belief that for all calls alleged that the Defendant's owners, executives and managers knew that the calls were being make to telemarked the services of Defendant.

29. Plaintiff alleges on information and belief that for all calls alleged that the Defendant's owners, executives and managers knew that the telemarketing calls alleged were being made on the behalf of the Defendant.

30. Plaintiff alleges on information and belief that for all calls alleged that the Defendant's owners, executives and managers knew that the calls being made were not scrubbed against the Do-Not-Call Registry.

31. Plaintiff alleges on information and belief that for all calls alleged that the Defendant's owners, executives and managers were willfully ignorant of the actions of their employees and agents who were making the alleged calls on Defendant's behalf if they did not have direct knowledge.

- 5 -

Complaint

**<u>Actual Harm Allegations</u>**

32.    Plaintiff has been harmed by the junk calls a complained of herein by the direct waste of his time during the calls themselves, the indirect waste of time in having to break from other important tasks and spend time catching up after these junk calls, the waste of telephone service which he and not Defendants must pay for, the costs of having to pursue legal remedies, and in the aggravation and consequent health effects of stress these illegal intrusions have caused.

33.    The Plaintiff alleges that all of the calls were an invasion of his privacy.

34.    During at least one of the calls at issue Plaintiff wanted to make an outgoing call at the same time and was not able to do so, being involuntarily disposed of the use of his phone by Defendants' illegal calls.

## **<u>FIRST CAUSE OF ACTION</u>**

[TCPA Violation – Do Not Call List – For All Ten (10) Calls]

35.    Plaintiff realleges all paragraphs above and incorporates by reference.

36.    Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

37.    Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations".

38.    At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

- 6 -

Complaint

39. Defendants have called Plaintiff's residential telephone line for solicitation purposes during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658. These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line. These calls were not made in error, nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff. 37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

40. Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the national do-not-call registry rules promulgated thereunder. Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both. If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

## SECOND CAUSE OF ACTION: TCPA VIOLATION
## PRERECORDED TELESOLICITATION TO A RESIDENTIAL NUMBER
### (On Behalf of the Plaintiff Class)

41. Plaintiffs realleges all paragraphs above and incorporates them herein by reference.

42. Plaintiffs are bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

43. Subdivision (b) (1) (B) of Section 227 of Title 47 of the United States Code makes it unlawful for any person to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is

- 7 -

Complaint

initiated for emergency purposes or is exempted by rule or order of the Commission under paragraph (2) (B);"

44.    Defendants have called Plaintiffs residential telephone lines, using an artificial or prerecorded voice to deliver a message, without Plaintiffs' express permission during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are the only calls known to Plaintiffs at this time and Plaintiffs state on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiffs' residential telephone line.  These calls were not made for any emergency purpose, nor were these calls exempt under subdivisions (a) and/or (c) of section 64.1200 of title 47 of the Code of Federal Regulations.

45.    Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations of 47 U.S.C. §227 (b)(1) (B). Plaintiffs may obtain relief in the form of injunctive relief, or Plaintiffs may recover $500.00 for each violation, or both.  If the court finds that Defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

WHEREFORE Plaintiffs pray for judgment against Defendant, and each of them, as follows:

On the FIRST CAUSE OF ACTION:

1.    For an award of $500.00 for each violation of 47 U.S.C. § 227(c)(2);

2.    For an award of $1,500.00 for each such violation found to have been willful;

On the SECOND CAUSE OF ACTION:

3.    For an award of $500.00 for each violation of 47 U.S.C. § 227(b)(1)(B)

4.    For an award of $1,500.00 for each such violation found to have been willful;

- 8 -

Complaint

On ALL CAUSES OF ACTION:

5.   For attorney's fees pursuant to all applicable federal and state statutes;

6.   For costs of suit herein incurred; and

7.   For such further relief as the Court deems proper.

DATED: July 22, 2026             **PRATO & REICHMAN, APC**

                        __/s/ Justin Prato Esq._____
                        By: Justin Prato Esq..
                        **Prato & Reichman, APC**
                        Attorneys for Plaintiff

Complaint